IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 96-10046-01-T |
| | ) | |
| EARNEST LEE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING IRREGULAR MOTION

On January 10, 2006, defendant Earnest Lee Miller, Bureau of Prisons inmate registration number 15640-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed an irregular motion in his closed criminal case, entitled "Motion for Resentencing Equal Justice." The motion seeks a new sentencing hearing in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 758 (2005).

On August 19, 1996, a federal grand jury returned a single-count indictment charging Miller and five codefendants with conspiring to possess with the intent to distribute, and to distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 846. The case against Miller proceeded to trial on July 21, 1997 and, on July 29, 1997, the jury returned a guilty verdict. A sentencing hearing was held on October 23, 1997, at which Miller was sentenced to 262 months imprisonment, to be followed by a 5-year period of supervised release. Judgment

was entered on October 29, 1997. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Miller, No. 97-6356, 1999 WL 357777 (6th Cir. May 20, 1999) (per curiam).

Miller filed a motion pursuant to 28 U.S.C. § 2255 on March 29, 2000. The Court denied the motion without a hearing, and denied a certificate of appealability, on April 18, 2000. Miller v. United States, No. 00-1100 (W.D. Tenn.). Judgment was entered on April 19, 2000. Miller filed a notice of appeal, and the Sixth Circuit also denied a certificate of appealability. Miller v. United States, No. 00-6512 (6th Cir. Apr. 24, 2001).

On April 26, 2000, Miller filed a motion for reconsideration of the dismissal order in case no. 00-1100, and the Court issued an order on May 5, 2000 construing that motion for reconsideration as a new § 2255 motion and transferring it to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Miller v. United States, No. 00-1131 (W.D. Tenn.). The Sixth Circuit dismissed the defendant's application for want of prosecution. Miller v. United States, No. 00-5631 (6th Cir. Aug. 22, 2000).

In the instant motion, Miller seeks a new sentencing hearing in light of Blakely and Booker.

Miller cites no authority for the proposition that the Court has the authority to alter a criminal sentence that has become final. The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) states as follows:

> The court may not modify a term of imprisonment once it has been

>imposed except that—
>>(1) in any case—
>>(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>>>(i) extraordinary and compelling reasons warrant such a reduction;
>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Miller's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2). Nothing in 18 U.S.C. § 3582(c)

authorizes a defendant to move the sentencing court for a modification of his sentence pursuant to a new Supreme Court decision. Accordingly, the Court DENIES the motion for modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c).

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding *in forma pauperis*, is not taken in good faith.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE